# United States District Court
# Central District of California
# Western Division

LUIS LICEA,

    Plaintiff,

v.

REEBOK INTERNATIONAL LTD,

    Defendants.

ED CV 19-00970 TJH (Ex)

Order

JS-6

    The Court has considered Plaintiff Luis Licea's motion to remand and request for attorneys' fees, together with the moving and opposing papers.

    Defendant Reebok International Ltd ["Reebok"] removed this case based on federal question jurisdiction, asserting that the alleged California Unruh Civil Rights Act, Cal. Civ. Code § 51(f) ["Unruh Act"], violation was premised on Reebok's alleged Americans with Disabilities Act, 42 U.S.C. §§ 12101, *et seq.* ["ADA"], violations.

    Generally, a state law claim gives rise to a federal question only when a federal law is a necessary element of the state claim. *Wander v. Kaus,* 304 F.3d 856, 857-858 (9th Cir. 2002). Federal law is a necessary element when there is a substantial,

disputed question of federal law. *Armstrong v. N. Mariana Islands*, 576 F.3d 950, 955 (9th Cir. 2009). However, the "mere presence of a federal issue in a state cause of action does not automatically confer federal question jurisdiction." *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 808 (1986).

Licea is seeking both damages and injunctive relief for his Unruh Act claim, and that claim is based on Reebok's alleged ADA violations. *Wander* held that there is no federal question raised when money damages are sought for a state law claim when an element of that claim is satisfied by an ADA violation because the ADA does not provide for money damages. *Wander*, 304 F.3d at 857. However, *Wander* did not address whether a federal question is raised when the state law claim seeks injunctive relief and an element of the claim is satisfied by an ADA violation. *Wander*, 304 F.3d at 857.

If the state law claim can be violated for reasons independent of an incorporated federal statute, then there is no substantial, disputed question of federal law. *Armstrong*, 576 F.3d at 956. This is true even when the state law's language mirrors the language of a federal law, and when the state law provides for the same type of relief afforded under the federal law. *Armstrong*, 576 F.3d at 956. The Unruh Act may be violated in a number of ways, with an ADA violation being just one of those ways. Cal. Civ. Code § 51. Thus, the Unruh Act's incorporation of the ADA is insufficiently substantial to make the ADA a necessary element.

The Court may award reasonable attorneys' fees incurred as a result of an unreasonable removal. *See Fong v. Beehler*, 624 F. App'x. 536, 537 (9th Cir. 2015). Here, Reebok did not unreasonably remove this action given that some district courts in California have denied motions for remand on similar facts. *See e.g. Fontano v. Little Caesar Enter.*, No. CV 10-6707 GAF (FFMx), 2010 WL 4607021 (C.D. Cal. Nov. 3, 2010). Moreover, Licea failed to meet his burden of substantiating the reasonableness of the requested $875.00 per hour rate. *See Chaudhry v. City of L.A.*, 751 F.3d 1096, 1110-1111 (9th Cir. 2014). Thus, Licea's attorneys' fees request must

be denied.

Accordingly,

𝕴𝖙 𝖎𝖘 𝕺𝖗𝖉𝖊𝖗𝖊𝖉 that the motion to remand be, and hereby is, 𝕲𝖗𝖆𝖓𝖙𝖊𝖉.

𝕴𝖙 𝖎𝖘 𝖋𝖚𝖗𝖙𝖍𝖊𝖗 𝕺𝖗𝖉𝖊𝖗𝖊𝖉 that Licea's request for attorneys' fees be, and hereby is, 𝕯𝖊𝖓𝖎𝖊𝖉.

Date: August 23, 2019

_____
Terry J. Hatter, Jr.
Senior United States District Judge